# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

VICTOR SALAZAR,            )
                                  )
         Petitioner,        )
                                  )
      v.                  )         CAUSE NO. 3:13-cv-00774-PPS
                                  )
SUPERINTENDENT,      )
                                  )
         Respondent.     )

## OPINION AND ORDER

Victor Salazar, a *pro se* prisoner, filed this habeas corpus case challenging his guilty plea on two drug charges and the resulting aggregate 30-year sentence imposed on February 13, 2003, by the Tippecanoe Circuit Court. Salazar raises four grounds in his petition, but the Respondent argues that none of Grounds One, Three, and Four is a basis for habeas corpus relief. The Respondent further argues that Ground Two was procedurally defaulted because it was not presented to the Indiana Supreme Court.

I begin my analysis with Ground Two, where Salazar argues that he was denied the effective assistance of both Trial and Appellate Counsel. "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Here, Salazar argues that he presented his ineffective assistance of counsel claims to the post-conviction court in both his original and amended petitions. However, that is insufficient, because "[f]air presentment . . . requires the petitioner to assert his federal claim through one complete

round of state-court review, either on direct appeal of his conviction or in

post-conviction proceedings. This means that the petitioner must raise the issue at each

and every level in the state court system, including levels at which review is

discretionary rather than mandatory." *Id.* at 1025-26 (citation omitted). Salazar argues

that in his Petition for Transfer to the Indiana Supreme Court, he "presented inherently

the same Sixth Amendment claim also citing *Strickland*." DE 19 at 79-80. Though Salazar

did cite *Strickland* in his Petition to Transfer, "[a]dequate presentation of a claim to the

state courts requires the petitioner to present both the operative facts and the legal

principles that control each claim." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)

(citation omitted). Salazar did not do that.

In his Petition to Transfer, he raised five claims,[1] but he did not request that the

Indiana Supreme Court make any decision about whether the post-conviction court

erred when it found that he had not been denied the effective assistance of either trial or

appellate counsel. See DE 8-15. More critically, Salazar's petition does not include the

facts related to his ineffective assistance of counsel claims, nor even list why he believed

---

[1] The five claims Salazar presented in his Petition to Transfer were:
"[1] Whether the Court of Appeals opinions are contrary to Indiana and Federal law.
[2] Whether the Court of Appeals errored in not addressing Salazar's appeal issue that Salazar was denied his Due Process rights to a full and fair hearing on the merits of his petition for post-conviction relief ('PCR').
[3] Whether the Court of Appeals errored when it affirmed the PC Court's mooting Salazar's PCR discovery, subpoenas for witnesses, and continuance motions (Collectively hereinafter 'pre-hearing motions').
[4] Whether the Court of Appeals errored when it affirmed the PC Court's denial of Salazar's PCR withdrawal and Amended PCR petition (Collectively hereinafter 'post-hearing' motions).
[5] Whether the Court of Appeals errored when it affirmed the PC Court's denial of Salazar's change of Judge motion."
DE 8-15 at 2-3.

that his counsel rendered ineffective assistance. *Id.* Rather, it is entirely focused on

procedural errors which he alleges occurred during his post-conviction proceedings. *Id.*

That is, Salazar takes issue with the lower court's handling of his IAC claim, but doesn't

make the IAC claim itself. Consequently, Salazar did not fairly present his ineffective

assistance of counsel claims to the Indiana Supreme Court. Thus, the claims raised in

Ground Two are procedurally defaulted.

Alternatively, Salazar argues that I may consider the merits of his ineffective

assistance of counsel claims because not doing so would be a fundamental miscarriage

of justice.[2] "This Court should excuse Salazar's default, if any, because the post-

conviction court thwarted Salazar's Sixth Amendment claims with the intent to prevent

Salazar from proving that his defense attorney, Mr. O'Brien, conspired with State agents

to violate Salazar's Constitutional rights by committing multiple felony crimes against

Salazar, in violation of State and federal law, resulting in Salazar receiving ten

additional years added to his sentence as a result of his reactions to State agents' sexual

abuse and torture." DE 19 at 82. In sum, he argues that it would be a fundamental

miscarriage of justice to allow the post-conviction court's procedural errors to prevent

him from proving that his lawyer was ineffective because he was colluding with guards

who were sexually abusing Salazar at the jail.

---

[2] Though Salazar mentions "cause and prejudice" as a method for avoiding procedural default, he did not provide any argument attempting to demonstrate either cause or prejudice. *See* DE 19 at 81.

Based on a common understanding of the words "fundamental miscarriage of justice," it would seem that this would be a viable argument. But those words have a very specific meaning in the context of habeas corpus. A petitioner may overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). However, this is a narrow exception which requires the petitioner to prove that a "constitutional error has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). That is to say, procedural or due process errors are insufficient. Even demonstrating that he had ineffective counsel would not be adequate to overcome procedural default. Rather, the only way to demonstrate a fundamental miscarriage of justice is to provide actual proof that he did not commit the two drug crimes to which he pleaded guilty. Here, Salazar has not even attempted to do that. Because the claims raised in Ground Two are procedurally defaulted, the law does not permit them to be a basis for habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A).

Neither can I grant habeas corpus relief on Grounds One, Three, or Four. In Ground One, Salazar argues that during his post-conviction proceedings, the State court

4

denied him a continuance, discovery, and a fair evidentiary hearing. In Ground Three, he argues that during his post-conviction proceedings, the State court denied his request to withdraw and amend his post-conviction relief petition and to set an evidentiary hearing. In Ground Four, he argues that during his post-conviction proceedings, he was denied an impartial judge. If any of these procedural errors had prevented Salazar from exhausting his ineffective assistance of counsel claims, they might have been relevant to demonstrate cause to excuse procedural default. That is because "cause" sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). There isn't such a factor here. None of the procedural errors that Salazar alleges prevented him from arguing to the Indiana Supreme Court that the post-conviction court erred when it found that he was not denied the effective assistance of counsel. Even if these alleged errors committed by the State post-conviction court prevented him from proving that his lawyer was ineffective, it did nothing to limit the arguments he included in his Petition to Transfer. Therefore these grounds are not cause for excusing the procedural default of his ineffective assistance of counsel claims.

Neither are they an independent basis for habeas corpus relief. That is because in habeas corpus review, I am "limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (emphasis added). None of these alleged errors during Salazar's post-conviction

proceedings undermine the validity of his original conviction. "Unless state collateral

review violates some independent constitutional right, such as the Equal Protection

Clause, see, for example, *Lane v. Brown*, 372 U.S. 477, 484-85 (1963); *Smith v. Bennett*, 365

U.S. 708 (1961), errors in state collateral review cannot form the basis for federal habeas

corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (parallel citations

omitted). Here, the procedural errors alleged by Salazar are unlike the Equal Protection

issues raised in *Lane* and *Smith* where indigent inmates were unable to attack their

convictions because they could not afford to pay the required fees while non-indigent

inmates could do so.[3] Therefore Grounds One, Three, and Four are not a basis for

habeas corpus relief.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must

decide whether to grant a certificate of appealability. To obtain a certificate of

appealability under 28 U.S.C. § 2253(c), the petitioner must make "a substantial

showing of the denial of a constitutional right" by establishing "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been

---

[3] While it might be possible to image that a claim of judicial bias (Ground Four) could raise independent constitutional concerns, Salazar's bias argument is premised solely on the post-conviction judge's rulings which Salazar separately raises in Grounds One and Three. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion [because] opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, Salazar's allegations that he was denied discovery (which the Court of Appeals of Indiana concluded was not relevant) do not raise such concerns. *See Salazar v. State*, 972 N.E.2d 985, at *5 (Ind. Ct. App. 2012) (table), 2012 Ind. App. Unpub. LEXIS 1019, at *13 (Ind. Ct. App. 2012) ("[T]he post-conviction court properly denied Salazar's requests because they were irrelevant to his claim for post-conviction relief. No discovery was necessary."). Neither do the other judicial rulings (for which Salazar's objections were similarly dismissed by the Court of Appeals of Indiana) demonstrate that the post-conviction judge harbored any deep-seated antagonism toward Salazar. *Id.*

resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, for

the reasons explained in this opinion, Salazar has not made such a showing and will be

denied a certificate of appealability.

For these reasons, the habeas corpus petition is **DENIED**, this case is

**DISMISSED**, and Victor Salazar is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: August 3, 2015

/s/ Philip P. Simon
Chief Judge
United States District Court